LAWRENCE M. HADLEY - State Bar No. 157728
lhadley@glaserweil.com
ROBERT E. ALLEN – State Bar No. 166589
rallen@glaserweil.com
JASON LINGER – State Bar No. 323031
jlinger@glaserweil.com
GLASER WEIL FINK HOWARD
   JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

EMIL PETROSSIAN – State Bar No. 264222
epetrossian@glaserweil.com
GLASER WEIL FINK HOWARD
   JORDAN & SHAPIRO LLP
501 W. Broadway, Suite 800
San Diego, California 92101
Telephone:  (619) 765-4382

*Attorneys for Plaintiff*
*Evox Productions, LLC*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MITCHELL REPAIR INFORMATION COMPANY, LLC d/b/a MITCHELL1, a Delaware corporation,<br><br>Defendant. | CASE NO.: '23CV1302 LL   JLB<br><br>**COMPLAINT FOR:**<br>1. **DIRECT COPYRIGHT INFRINGEMENT**<br>2. **VICARIOUS COPYRIGHT INFRINGEMENT; AND**<br>3. **CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

2305930

Plaintiff Evox Productions, LLC ("Evox"), by and through its undersigned attorneys, hereby brings the following Complaint for relief based on the following:

## Nature of the Action

1. This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, for Defendants' willful infringement of thousands of Evox's copyrighted professional, high-quality original photographs via Defendant's website.

## Jurisdiction and Venue

2. This Court has exclusive original jurisdiction over this lawsuit under 28 U.S.C. §§ 1331 and 1338(a) because it arises under an Act of Congress relating to copyrights, specifically 17 U.S.C. §§ 101 *et seq*.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391 because (a) a substantial part of the events or omissions giving rise to Evox's claims occurred in this district and (b) Defendants injected the infringing materials into interstate commerce through their Websites, knowing that the Websites were accessible in California and in the Southern District of California.

## Parties

4. Plaintiff Evox is a Delaware limited liability company with its principal place of business at 2363 E Pacifica Place, Rancho Dominguez, California.

5. On information and belief, Defendant Mitchell Repair Information Company, LLC d/b/a Mitchell1 ("Mitchell1") is a Delaware corporation, doing business nationwide including in this district, and having its principal place of business in San Diego, California.  Mitchell1 is located at 16067 Babcock Street, San Diego, CA 92127.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as Does 1 through 10 are unknown to EVOX who therefore sues said Defendants by such fictitious names.  Evox will amend this Complaint to allege their true names and capacities when such have been ascertained.  Upon information and belief, each of the Doe Defendants is responsible

in some manner for the occurrences herein alleged, and EVOX's injuries as herein alleged were proximately caused by such Defendants' acts or omissions.

## Evox's Copyrighted Works

7. Evox is a 20-year-old company specializing in photo, video, and interactive vehicle imagery. Its library includes photographs of over 6,000 makes and models of cars that have been sold in the United States from 2000 to the present, in many permutations of model, year, color, and trim. In order to protect its investments, Evox has registered the copyrights in each of the photographs in its library. A copyright registration may include multiple still photographs for a particular car model, including exterior and interior panoramas.

8. Evox's photographs display information that identify Evox as the copyright owner, including the text "© EVOX IMAGES." EVOX IMAGES is a federally registered trademark of Evox (U.S. Registration No. 3649661).

9. Evox's primary business is the licensing of its copyright-protected photographs to other businesses, such as websites that provide information about or facilitate vehicle sales.

10. Evox owns copyrights to more than one million photographs and other works of cars. These include the works that form the basis of this complaint. Attached to this Complaint as **Exhibits A1-A4** are tables that includes the following for each of the 3,907 of Evox's photographs that Evox is currently aware that have been infringed by the Defendants (the "Images"):  (a) the applicable copyright registration number; (b) the title of the Image; and (c) the URL of each of the Images as stored on Mitchell1's servers.

## Mitchell1's Infringing Conduct

11. At all times relevant to this Complaint, Defendant operated and continue to operate a website, at https://mitchell1.com (the "Website"), which provides Defendant's customers auto repair software, including information related to vehicle

repair history and reviews that includes photographs of such vehicles through its SocialCRM software and tools.

12. Evox entered into a license agreement with DataOne Software, a division of Dominion Dealer Solutions LLC ("DataOne") in November, 2015, which permitted certain uses of the Images, including the right to sublicense those certain rights to DataOne's customers (the "Evox-DataOne Agreement").

13. Mitchell1 entered into a license agreement with DataOne in August of 2017 (the "License"), which permitted Mitchell1 the limited right to copy the Images (which DataOne had sublicensed to Mitchell1 as the "media"). Other than the License, DataOne did not grant to Mitchell1 the right to copy any of the Images.

14. Specifically, Exhibit B of the License, entitled "Permitted Use," states:

> Client will use the Licensed Data within its website solutions called "SocialCRM with LocalSearch" which provide a hosted website and content solutions for its aftermarket repair shop customers ("The Customers"). Client will create blog postings specific to the vehicles that its Customers have repaired or serviced, which will be displayed along with a description of services performed and satisfaction ratings, ***and the DataOne licensed media will be displayed as part of this blog post***. (Collectively "The Solution").

15. To make perfectly clear that DataOne was solely granting to Mitchell1 the right to display the Images as part of the blog posts that included the description of services performed and satisfaction ratings, Exhibit B of the License explicitly stated:

> DataOne will provide access to the media through VIN lookup and yr make model lookup ***and the media will be used only within blog posts created by Client for its aftermarket repair shop customers as described within The Solution***.

16. Instead of solely using the Images in permitted blogposts, however, Mitchell1 publicly displayed each of the Images on its server separate and apart from the permitted blogposts. Consequently, Mitchell1 exceeded the scope of the License

by publicly displaying each of the Images separate and apart from the authorized blogposts.

17. Below is an example of one of the Images displayed as part of a repair blogpost (which was within the scope of the License), and that same Image displayed by itself, which is beyond the scope of the License.

   

https://autoworksedmond.com/category/infiniti/          https://www.mitchell1crm.com/CrmUtilities2/Image/69565

18. Each of the Images are stored on Mitchell1's servers, and each of the Images are accessible and displayed to the public through a pinpoint address (additionally, up until recently, each of the Images were also accessible and displayed to the public through a Google reverse image search).

19. For the purposes of this lawsuit, Evox assumes that DataOne had all of the rights necessary under the Evox-DataOne Agreement to grant Mitchell1 all of the rights DataOne expressly granted in the License. Accordingly, each of Evox's claims in this action relate solely to Mitchell1's exceeding the scope of the terms of the License, and not to whether Mitchell1 exceeded the scope of the rights Evox granted to DataOne under the Evox-DataOne Agreement.

**Customers' Infringing Conduct**

20. On information and belief, Mitchell1 created the website for its

1  customers to include the Images beyond the scope of the License.  For example, Delta V Motorsports' website (www.deltavmotorsports.com) appears to have been created by Mitchell1, as evident by the copyright notice on this site ("© Mitchell1 Social CRM").

21.  While this site does display the blogposts inclusive of the Images (with the same infringement described above—the Images are hosted on Mitchell1's server by itself and not part of the blogpost), it also displays seven of the Images as part of the "Services" menu page.



22.  The public display of these Images by Mitchell1's customers separate and apart from the blogposts, including on menu pages, exceeded the scope of the License and are consequently infringing the copyright in the applicable Images.

23.  Moreover, these Images are stored on Delta V's website, and thus, on information and belief, Mitchell1 distributed these images to its customers even though the License did not grant to Mitchell1 the right of distribution, thereby further exceeding the scope of the License.

24.  Mitchell1 is also liable for contributory and vicarious infringement related to its customer's reproduction and public display of these Images separate and apart from the blogposts.

25.     For example, Mitchell1's customer Delta V hosted, reproduced and publicly displayed Images separate and apart from the blogposts without the right to do so.



**EVOX Discovery of Mitchell1's Infringements**

26.     Evox conducted an investigation into Mitchell1's use of its copyrighted images. In May 2021, Evox learned that 3,009 unique Evox Images appeared on Mitchell1 webpages, separate and apart from the blogposts. Additionally, Evox discovered that 1,264 unique Images stored on Mitchell1's server were available for public display on Google images and discoverable through a reverse image search. Evox has valid registrations for all of these Images.  Attached as **Exhibit A1** are the Images discovered in May 2021, both on Mitchell1's webpages and on Google images.

27.     On December 30, 2021, Evox sent a letter to Mitchell1, placing it on notice that it was exceeding the scope of the License and thereby committing copyright infringement with respect to the Images.  A copy of the December 30, 2021 notice letter to Evox is attached as **Exhibit B**.

28.     In January 2022, as the result of Evox's December 2021 correspondence, Mitchell1 updated its website to prevent search engines (including Google Images)

from cataloging the Images stored on its website, but took no action to prevent the public display on its website of any of the Images separate and apart from the blogposts.  In other words, even after being notified, Mitchell1 took no action to prevent the public display of the Images on its website separate and apart from the blogposts.

29. On February 4, 2022, Evox again notified Mitchell1 in writing that its continued public display of the Images infringed upon Evox's copyrights and also notified Mitchell1 that its customers were also infringing certain of the Images. A copy of the February 4, 2022 notice letter to Evox is attached as **Exhibit C**.

30. After receipt of Evox's February 4, 2022 notice, Mitchell1 took no action to stop its unauthorized public display of the Images, but, on information and belief, notified Delta V, who removed the Images that had previously been publicly displayed on the "services" landing page of its website.

31. On February 11, 2022, Mitchell1 responded to Evox's February 4, 2022 letter, a copy of which is attached as **Exhibit D.**

32. On or around February 24, 2022, Evox conducted another investigation into Mitchell1's use of its copyrighted images, and confirmed that the 3,907 Images described above continued to be publicly displayed on Mitchell1 webpages, separate and apart from the blogposts.  This set of 3,907 is inclusive of the 3,009 Images previously discovered. Evox has valid registrations for all of these Images. Attached as **Exhibit A2** are the Images discovered in February 2022 on Mitchell1's webpages.

33. On April 14, 2022, Evox responded to Mitchell1's February 11, 2022 letter, clarifying how Mitchell1 was infringing the Images.

34. The parties attempted to informally resolve Evox's claims, but were unsuccessful.

35. On or around November 7, 2022, Evox conducted another investigation into Mitchell1's use of its copyrighted images, and confirmed that the 3,907 Images described above continued to be publicly displayed on Mitchell1 webpages, separate

and apart from the blogposts.  Attached as **Exhibit A3** are the Images discovered in November 2022 on Mitchell1's webpages.

36.     On or around June 22, 2023, Evox conducted another investigation into Mitchell1's use of its copyrighted images, and discovered that of the 3,907 Images described above, 373 Images stored on Mitchell1's server were available for public display on Google Images and discoverable through a reverse image search.  Attached as **Exhibit A4** are the Images discovered in June 2023 on Google images.

37.     Altogether, Mitchell1 has infringed at least 3,907 of Evox's registered copyrighted Images (collectively the "Infringed Photos").

## First Claim for Relief:
## (Direct Copyright Infringement, 17 U.S.C. §§ 501)

38.     Evox repeats and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

39.     Evox is the sole author and owner of each of the Infringed Photos.

40.     Each of the Infringed Photos is an original pictorial work and constitutes copyrightable subject matter under 17 U.S.C. §§ 101 and 102.

41.     Defendants have infringed Evox's copyrights in the Infringed Photos by displaying publicly and distributing them on the Website and the Website servers.

42.     Specifically, while Defendants had the limited right under the License to display publicly the Infringed Photos as part of its blog postings specific to the vehicles that its customers have repaired or serviced (which was required to be displayed along with a description of services performed and satisfaction ratings), Defendants had no right to display publicly any of the Infringed Photos in any other manner. Nevertheless, without authorization, Defendants publicly displayed each of the Infringing Photos on Mitchell1's website separate and apart from the aforementioned authorized blogposts).

43.     Additionally, Defendants had no right to distribute any of the Infringed Photos to any of its customers. Nevertheless, without authorization, Defendants

distributed the Infringing Photos to its customers, who then stored the Infringing Photos on the customers' websites.

44. At all times relevant to the Complaint, Defendant Mitchell1 was directly or indirectly operating the Website and using, reproducing, publicly displaying, and distributing the Infringed Photos.

45. Defendants willfully infringed Evox's copyrighted works. Mitchell1 was aware of Evox and its rights in the Infringed Photos. Even after being notified, Mitchell1 continued to publicly display each of the Infringing Photos in excess of the limited rights granted to it under the License. Mitchell1 was therefore aware it was using the Infringed Photos without Evox's authorization or acted in reckless disregard of Evox's rights in the Infringed Photos.

46. The foregoing acts of Defendants constitute direct infringement of Evox's copyrights of the Infringed Photos, in violation of 17 U.S.C. § 106.

47. As the result of Defendants' infringing activities, Evox has suffered monetary damages as well as damages to its goodwill and reputation.

48. Defendants' past and continued public display and distribution of the Infringed Photos constitutes willful infringement of Evox's rights. Defendants had full knowledge of Evox's ownership and copyright in each Infringed Photo, and that Defendants did not have the right to display publicly any of the Infringed Photos separate and apart from the authorized blogposts.

49. Pursuant to 17 U.S.C. § 504(b), Evox is entitled to his actual damages, including Defendants' profits from infringement in connection with the Infringed Photos, in an amount to be proven at trial.

50. Alternatively, at Evox's election pursuant to 17 U.S.C. § 504(c), Evox is entitled to recover up to $150,000 in statutory damages for each Infringed Photo infringed for which the first act of infringement of the same kind by a particular defendant occurred on or after the date of registration.

51. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Evox great and irreparable injury that cannot fully be compensated or measured in money. Evox has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Evox is entitled to injunctive relief prohibiting Defendants from further infringing Evox's copyrights, ordering the Defendants to impound and destroy all copies of the Infringed Photos made in violation of Evox's exclusive rights.

52. Evox is also entitled to recover his attorneys' fees and costs pursuant to 17 U.S.C. § 505 if with respect to any of the Infringed Photos, the first act of infringement of the same kind by a particular defendant occurred on or after the date of registration, and prejudgment and post judgment interest according to law.

**Second Claim for Relief:**

**(Vicarious Copyright Infringement, 17 U.S.C. § 501)**

53. Evox realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

54. Mitchell1 customers who Copied (the term "Copy" or "Copied" shall refer to the reproduction, public display and/or distribution of a work) the Infringed Photos did so in order to advertise and market consumer products, but without the consent, approval or license of Evox.

55. Each unauthorized Copying of one of the Infringed Photos by each Mitchell1 customer constitutes a separate and distinct act of direct infringement.

56. Mitchell1 had and continues to have the right and ability to supervise and control the infringing acts of its customers who have directly infringed Evox's copyrights by Copying the Infringed Photos. Mitchell1 had and has the legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so, considering that the customers obtained the Infringed Photos and the purported rights to use the Infringed Photos directly from Mitchell1.

57. Mitchell1 obtained a direct financial benefit from the infringing activities of its customers with respect to each of the uses of Infringed Photos by its customers by obtaining a fee from the customers for the purported right to Copy the Infringed Photos.

58. The actions of Mitchell1 constitute vicarious copyright infringement.

59. Evox is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to his rights.

60. Pursuant to 17 U.S.C. § 504(b), Evox is entitled to its actual damages, including Mitchell1 and each of its infringing customers' profits from infringement in connection with the Infringed Photos, in an amount to be proven at trial.

61. Alternatively, at Evox's election pursuant to 17 U.S.C. § 504(c), Evox is entitled to recover up to $150,000 in statutory damages for each Infringed Photo infringed for which the first act of infringement of the same kind by a particular defendant occurred on or after the date of registration.

62. Mitchell1's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Evox great and irreparable injury that cannot fully be compensated or measured in money. Evox has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Evox is entitled to injunctive relief prohibiting Mitchell1 and each of its customers from further infringing Evox's copyrights, ordering the Defendants to impound and destroy all copies of the Infringed Photos made in violation of Evox's exclusive rights.

63. Evox is also entitled to recover his attorneys' fees and costs pursuant to 17 U.S.C. § 505 if with respect to any of the Infringed Photos, the first act of infringement of the same kind by a particular defendant occurred on or after the date of registration, and prejudgment and post judgment interest according to law.

**Third Claim for Relief**

**(Contributory Copyright Infringement, 17 U.S.C. § 501)**

64. Evox realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

65. Mitchell1 customers who Copied the Photographs did so in order to advertise and market consumer products and services, but without the consent, approval or license of Evox.

66. Each unauthorized Copy of one of the Infringed Photos by each customer constitutes a separate and distinct act of direct infringement.

67. Through its conduct alleged herein, Mitchell1 knowingly and systematically induced, caused, materially contributed to, actively encouraged and participated in the infringing Copying of the Infringed Photos by its customers. Specifically, Mitchell1 distributed Infringed Photos to its customers with the sole intention of the customers then displaying publicly and distributing to the public the Infringed Photos. Furthermore, Mitchell1 (either directly or through its agents) distributed digital copies of the Infringed Photos for the express purpose of its customers Copying and creating their own derivative work advertising and marketing materials, inclusive of the Infringed Photos.

68. Mitchell1 knew or should have known that by distributing and making Infringed Photos available to them, the customers would be publicly displaying and distributing the Infringed Photos.

69. Mitchell1 knew or should have known that by distributing and making available to its customers digital copies of the Infringed Photos, that its customers would create derivative work advertisement and marketing materials, inclusive of the Infringed Photos, then Copy them.

70. Mitchell1's actions constitute contributory copyright infringement.

71. Mitchell1 has benefitted from its contributory infringement of each of the Infringed Photos in the form of fees, promotion, and corporate goodwill. As a result of

2305930

Mitchell1's contributory infringement, Evox has suffered monetary damages as well as damages to his goodwill and reputation.

72. Evox is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to their rights.

73. Pursuant to 17 U.S.C. § 504(b), Evox is entitled to its actual damages, including Mitchell1 and each of its customers' profits from infringement in connection with the Infringed Photos, in an amount to be proven at trial.

74. Alternatively, at Evox's election pursuant to 17 U.S.C. § 504(c) Evox is entitled to recover up to $150,000 in statutory damages for each Infringed Photo infringed for which the first act of infringement of the same kind by a particular defendant occurred on or after the date of registration.

75. Mitchell1 and each of its customers' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Evox great and irreparable injury that cannot fully be compensated or measured in money. Evox has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Evox is entitled to injunctive relief prohibiting Mitchell1 from further infringing Evox's copyrights, ordering the Defendants to impound and destroy all copies of the Infringed Photos made in violation of Evox's exclusive rights, and ordering Defendants to disaffirm and rescind any purported license to any Licensee the right to Copy or create derivate works in the Infringed Photos made in violation of Evox's exclusive rights.

76. Evox is also entitled to recover his attorneys' fees and costs pursuant to 17 U.S.C. § 505 if with respect to any of the Infringed Photos, the first act of infringement of the same kind by a particular defendant occurred on or after the date of registration, and prejudgment and post judgment interest according to law.

**Prayer for Relief**

Plaintiff Evox prays for relief as follows:

    a. That Defendants and its agents and employees be enjoined from infringing Evox's copyrights in any manner, specifically the Infringed Photos;

1           b.    That Evox be awarded maximum statutory damages with respect to each copyright work infringed, or such as other amounts as may be proper under 17 U.S.C. § 504(c), including for willful infringement.

         c.    Alternatively, at its election, that Evox be awarded all profits of Defendant plus all losses of Evox, plus any other monetary advantage gained by Defendant through its infringement under 17 U.S.C. § 504(b) for each separate infringement;

         d.    That Evox be awarded its reasonable attorney's fees and costs in this action, under 17 U.S.C. § 505;

         e.    That Evox be awarded pre- and post-judgment interest;

         f.    That Evox be awarded any and all other further legal or equitable relief as the Court deems proper.

DATED: July 14, 2023

GLASER WEIL FINK HOWARD
     JORDAN & SHAPIRO LLP

By: _____
ROBERT E. ALLEN
LAWRENCE M. HADLEY
JASON LINGER
EMIL PETROSSIAN

*Attorneys for Plaintiff*
*Evox Productions, LLC*

2305930

1 | **Demand for Jury Trial**

2 | Plaintiff Evox Productions, LLC, demands a jury trial on all issues so triable.

4 | DATED: July 14, 2023

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: _____
ROBERT E. ALLEN
LAWRENCE M. HADLEY
JASON LINGER
EMIL PETROSSIAN

*Attorneys for Plaintiff*
*Evox Productions, LLC*